**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Virgil Langley, | ) | |
| | ) | |
| Plaintiff, | ) | No. CIV 00-00497-PHX RCB |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Raymond W. Brown, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### *Introduction*

Currently pending before the court is a March 20, 2007, letter from plaintiff *pro se* Virgil Langley, which the court construes as a motion for recusal and/or disqualification. See Doc. 275. Also pending before the court is a motion by defendant Albert E. Van Wagner, Jr., for "an award of attorneys' fees as a sanction under federal law against Plaintiff Langley[.]" Doc. 274 at 1.[1] Having

---

[1] In accordance with the Ninth Circuit's mandate, on February 23, 2007, the court ordered defendants Van Wagner and the Carioca Company to "file and serve . . . brief[s] addressing the issue of 'whether [attorneys'] fees should be awarded under federal law.'" Doc. 272 at 2 (quoting doc. 271 (mandate) at 3). Defendant

1  carefully reviewed the parties' submissions, and given its
2  extensive familiarity with this litigation, the court finds oral
3  argument unnecessary.

## *Discussion*

### *I. Removal*

Plaintiff identifies several reasons why he does not "believe, . . . that [the court] can be fair and impartial." Doc. 275 at 2. Plaintiff claims that he learned of at least some of those reasons while this case was on appeal to the Ninth Circuit Court of Appeals. See id. at 2. More specifically, during that time, plaintiff claims that he learned that the court "hold[s] a substantial interest in the Bell Grande Investment in Phoenix[;]" and that "[t]he Bell Grande Investments are represented by the same law firm that represents defendant [t]he Carioca Company" in this action, *i.e.* Mariscal Weeks, McIntyre & Friedlander P.A. ("Mariscal Weeks"). Id. at 1. Although he does not provide any details or evidence, plaintiff further states that "[t]here is additional information that points to [the court's] professional/personal relationships with the parties in this as well as related state litigation." Id.

Again, without providing any details, plaintiff further claims that during the course of this litigation the court has "demonstrated indifference" to him." Id. at 2. As plaintiff perceives it the court's "previous rulings were made with prejudice and bias." Id. According to plaintiff, "the decisions in this

---

Van Wagner timely filed such a motion, and plaintiff timely responded (doc. 276). However, the Carioca Company did not file a motion and the time to do so has since passed.

1 case . . . are an apparent result of error and indifference." Id.
2 In a similar vein, plaintiff continues that "[r]epetitious error
3 and denial of discovery interfered with the reasoned resolution of
4 legal issues." Id. Plaintiff devotes the remainder of his letter
5 to outlining why he believes grounds exist for sanctioning the
6 defendants. See id.

7 Although plaintiff does not specifically seek recusal or
8 disqualification, the excerpted parts of his letter, especially
9 when taken together with his assertion that the court's
10 "continuation with this case is an abuse of judicial discretion[,]"
11 persuades the court that he is seeking to have the undersigned
12 removed from this case.

13 There are two possible statutory bases for this removal
14 request – 28 U.S.C. § 144 and 28 U.S.C. § 455. Under both statutes
15 "the substantive test for bias or prejudice is identical[,]" but
16 the "procedural requirements . . . are different." United States
17 v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). Substantively, under
18 either statute, "recusal is appropriate where a reasonable person
19 with knowledge of all the facts would conclude that the judge's
20 impartiality might reasonably be questioned." Yagman v. Republic
21 Ins., 987 F.2d 622, 626 (9th Cir. 1993) (internal quotation marks
22 and citations omitted). Significantly, "[b]oth statutes require
23 recusal only if the perceived bias and prejudice stem from an
24 extra-judicial source, not from conduct or rulings made in the case
25 itself." In re Jansen, 107 B.R. 249, 251 (Bankr. D.Ariz. 1989)
26 (citing, *inter alia*, Toth v. Trans World Airlines, 862 F.2d 1381,
27 1388 (9th Cir. 1988)).

28 Furthermore, "[b]ias or prejudice is disqualifying only if it

is an attitude, a fair-minded person could not set aside while judging a case." Id.  "An animus more active and deep-rooted than mere disapproval is required." Id. (citing, *inter alia*, Matter of Yagman, 796 F.2d 1165, 1182 (9th Cir. 1986)).  "Because a federal judge is presumed to be impartial, the party claiming bias bears a substantial burden to show that the judge is not impartial." Shafler v. HSBC Bank USA, 2007 WL 578993 at *7 (N.D.Cal. Feb. 21 2007) (citation omitted).

Procedurally, section 144 provides for the removal of a district court judge where a party "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. § 144 (West 2006).  The affidavit must "state the facts and the reasons for the belief that bias or prejudice exists[.]" Id.  If a motion under section 144 is timely filed and the supporting affidavit is legally sufficient, the court "shall proceed no further" and the matter must be assigned to another judge.  Id.

Unlike section 144, 28 U.S.C. § 455 is self-enforcing and thus does not require the filing of a supporting affidavit. See id. at 867-868.  Accordingly, there is no provision in section 455 for referral to another judge.  "[I]f the judge sitting on a case is aware of grounds for recusal under section 455, that judge has a duty to recuse himself[.]" Id. at 868 (citation omitted).

### ***A.  28 U.S.C. § 144***

In the present case, plaintiff Langley did not file an affidavit in support of his request for recusal.  Instead, as mentioned at the outset, his request is in letter form.  The lack

-4-

of an affidavit precludes plaintiff Langley from seeking recusal under section 144.  See Chapman v. Jensen, 2006 WL 3371135, at *3 (D. Mont. Nov. 20, 2006) (citation omitted) (denying section 144 motion for recusal as "procedurally defective[]" where plaintiff did not file a supporting affidavit); see also Sibla, 624 F.2d at 868 (affirming denial of section 144 recusal motion where supporting affidavit was not "legally sufficient" in that contained only conclusory allegations and was "devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source[]").  Accordingly, to the extent plaintiff Langley is attempting to rely upon 28 U.S.C. § 144 as a basis for recusal, the court DENIES this request.

### *B.   28 U.S.C. § 455*

Notwithstanding the lack of any procedural barriers to plaintiff's request for disqualification under section 455, he still cannot prevail here.  There are two aspects to plaintiff's disqualification argument.  First plaintiff suggests that the court cannot be "fair and impartial[]" because of its connection to "[t]he Belle Grande Investments[.]" See Doc. 275 at 2 and 1.  Second, plaintiff believes that the court's "previous rulings" in this case evince "prejudice and bias" against him, although he does not explain how.  See id. at 2.

In light of these arguments, two subparts of section 455 are potentially implicated here.  Under section 455(a), "[a]ny . . . judge, . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a) (West 2006).  Thus, "[s]ection 455(a) covers circumstances that *appear* to create a conflict of

-5-

1  interest, whether or not there is actual bias." Preston v. United
2  States, 923 F.2d 731, 734 (9th Cir. 1991) (citation omitted)
3  (emphasis in original).  In contrast, "[s]ection 455(b) covers
4  situations in which an *actual* conflict of interest exits, even if
5  there is no appearance of one." Id. (citation omitted) (emphasis
6  in original).  For example, that section enumerates specific
7  circumstances requiring disqualification such as where a judge "has
8  a personal bias or prejudice concerning a party[,]" or where "[h]e
9  knows that he, individually or as a fiduciary, . . . , has a
10 financial interest in the subject matter in controversy . . . , or
11 any other interest that could be substantially affected by the
12 outcome of the proceeding[.]" 28 U.S.C. §§ 455(b)(1) and 455(b)(4)
13 (West 2006).  Subsection (b) "also describes situations that create
14 an *apparent* conflict, because it provides examples of situations in
15 which a judge's impartiality might reasonably be questioned
16 pursuant to section 455(a)." Preston, 923 F.2d at 734 (internal
17 quotation marks and citation omitted) (emphasis in original).
18      Turning first to the court's prior rulings, the Supreme Court
19 has recognized that "judicial rulings alone almost never constitute
20 a valid basis for a bias or partiality motion[]" under section 455.
21 See Liteky v. United States, 510 U.S. 540, 555, 114 S.Ct. 1147,
22 1157 (1994) (citation omitted).  Given that clear pronouncement,
23 there is no merit to plaintiff's argument that the court must
24 disqualify itself based upon its prior rulings in this case.
25 Bolstering this conclusion is the fact that plaintiff "has not
26 shown that th[is] . . . court's substantive rulings were products
27 of 'deep-seated favoritism or antagonism that [made] fair judgment
28 impossible.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir.

2004) (quoting Liteky, 510 U.S. at 555). Indeed, plaintiff would be hard-pressed to make such an argument, given that the Ninth Circuit affirmed, *inter alia*, this court's order granting summary judgment in favor of defendant Van Wagner as to plaintiff's abuse of process claim against him. See Doc. 271 at 2.

Likewise, the Bell Grande investments do not provide justification for disqualifying the court from this lawsuit. This is not a situation such as Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194 (1988), where the Supreme court held that the district court judge, who was also a trustee of a university, should have disqualified himself under section 455 because the plaintiff sought a declaration of ownership of a corporation in which the university had an active interest. Obviously, the Bell Grande investments have never been the subject of this litigation. Thus, the fact that the court at one time served as a trustee in connection with those investments is immaterial, and certainly does not demonstrate a conflict, actual or apparent.

Furthermore, although plaintiff contends that the law firm of Mariscal Weeks, attorneys of record for the defendant Carioca Company, also represent or did represent the Bell Grande investments, the court has no personal knowledge of that. Even if Mariscal Weeks has represented or does represent the Carioca Company, the court fails to see how that could lead "a reasonable person," *i.e.* "a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person[,]" to conclude that this court's "impartiality might reasonably be questioned." See Clemens v. U.S. Dist. Court for Central Dist. of Cal., 428 F.3d

1175, 1178 (9th Cir. 2005).

Plaintiff's bald assertion of "additional information . . . point[ing] to [the court's] professional/personal relationships with the parties[]" likewise does not demonstrate a conflict warranting disqualification of this court. See Doc. 275 at 1. Conclusory, speculation of this sort, with no evidentiary support, falls into the category of "matters not ordinarily sufficient to require a § 455(a) recusal." See Clemens, 428 F.3d at 1179. Simply put, "[s]ection 455(a) does not require recusal based on speculation[,]" yet that is the only basis for plaintiff's Langley's request. See id. at 1180 (citation omitted). In short, none of the reasons which plaintiffs advances for disqualification overcome the presumption of this court's impartiality and satisfy his "substantial burden" of showing the opposite, *i.e.* that the court "is not impartial." See Shafler, 2007 WL 578993, at *7 (citation omitted).

To conclude, the court holds no bias or prejudice toward plaintiff. Nor is the court aware of any basis upon which its impartiality might reasonably be questioned. Indeed, because the court is keenly aware that it has "as strong a duty to sit when there is no legitimate reason to recuse as [it] does to recuse when the law and facts require it[,]" the court DENIES plaintiff's request for recusal pursuant to 28 U.S.C. § 455. See id. at 1179 (internal quotation marks and citation omitted).

## ***II. Sanctions***

Having determined that there is no basis for its recusal, the court will next consider whether defendant Van Wagner is entitled to "an award of attorney's fees as a sanction under federal law[.]"

-8-

See Doc. 274 at 1.  Originally defendant Van Wagner sought $10,000.00 in attorney's fees pursuant to A.R.S. § 12-341.01(C) and § 12-349.[2]  Doc. 244 at 15.  In awarding attorney's fees of $5,000.00, this court expressly found section 12-349(1) was satisfied because there was "no substantial justification in [plaintiff's] pursuit of this litigation."  Id. at 17.  The court noted that its "ruling on Van Wagner's motion for summary judgment reveal[ed] the fundamental lack of merit in [plaintiff's] claims against Van Wagner."  Id.  The court also expressly found that section 12-349(2) was satisfied because "the claim [was] brought primarily for the purpose of harassing Defendant Van Wagner."  Id.  In this regard, the court noted its "concern[] about [plaintiff's] apparent pattern of filing claims against the players in the Carioca Litigation which appear calculated to revive a claim long resolved by a jury, and affirmed by the Court of appeals of Arizona."  Id.

These findings, according to defendant Van Wagner, support an award of attorney's fees as a sanction either pursuant to 28 U.S.C. § 1927, or based upon the court's inherent power to make such an award.  The court will separately address these two possible grounds for a fee award.  Before doing so, however, the court notes that plaintiff's *pro se* status "does not derogate" the court's authority to award sanctions against him.  See Whyte v. U.S. Dept. of Veterans Affairs, 2005 WL 1367098, at *1 (E.D.Cal. May 18, 2005).

. . .

---

[2] Defendant Van Wagner sought $5,000.00 in attorney's fees and then sought to have the court double that amount, as A.R.S. § 12-349(A) allows.

- 9 -

### *A.   28 U.S.C. § 1927*

Section 1927 authorizes courts to impose sanctions against a *pro se* litigant, Wages v. I.R.S., 915 F.2d 1230, 1235-36 (9th Cir. 1990) (citation omitted), among others, "who so multiplies the proceedings in any case unreasonably and vexatiously[.]" 28 U.S.C. § 1927 (West 2006). Such a litigant "may be required by the court to satisfy personally the *excess* costs, expenses, and attorneys' fees *reasonably incurred* because of such conduct." Id. (emphasis added). The Ninth Circuit has held that "a blanket award of all fees cannot square with th[at] section's requirement that only excess amounts be allowed." Yagman, 796 F.2d at 1184. "Thus, only if the award is sufficiently itemized can the court be assured that it is reasonable." Id.

Here, defendant Van Wagner is seeking a lump sum fee award of $5,000.00. Van Wagner, himself an attorney, bases this fee request upon the fact that he "personally expended" that amount in "defending [plaintiff's] claims[]" because his insurer went into receivership prior to October, 2003, and the $5,000.00 represents his deductible. See Doc. 208, exh. A thereto at 6, ¶ 19; see also Mot. (doc. 274) at 3. Without defendant Van Wagner's billing records, however, there is no meaningful way for the court to ascertain whether the $5,000.00 represents "excess . . . attorneys' fees reasonably incurred because of" plaintiff Langley's conduct. 28 U.S.C. § 1927. This is not a situation such as that presented in Morgan v. County of Yolo, 2006 WL 2692872, at *2 (E.D.Cal. Sept. 18, 2006), where the court awarded fees of $5332.50 by examining defense counsel's billings to ascertain the amount attributable to "unreasonable multiplication of [the]

proceedings[.]" Id.  Plainly, the lack of any similar billing records from defendant Van Wagner makes it impossible for the court to undertake the "excess" inquiry which section 1927 requires. Accordingly, the court DENIES defendant Van Wagner's request for fees insofar as it is premised upon section 1927.

### ***B.  Inherent Power of the Court***

As an alternative basis for a fee award, as mentioned at the outset, defendant Van Wagner is seeking to have the court invoke its "inherent power" to make such an award.  "The federal courts possess inherent power to impose sanctions, 'when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Stone v. Baum, 409 F.Supp.2d 1164, 1171 (D.Ariz. 2006) (quoting Aloe Vera of America, Inc. v. United States, 376 F.3d 960, 964-65 (9th Cir. 2004)) (other citation omitted).  "[F]or purposes of imposing sanctions under the inherent power of the court, a finding of bad faith does not require that the legal and factual basis for the action prove totally frivolous; where a litigant is substantially motivated by vindictiveness, obduracy, or mala fides, the assertion of a colorable claim will not bar the assessment of attorney's fees." B.K.B. v. Maui Police Department, 276 F.3d 1091, 1108 (9th Cir. 2002) (internal quotation marks and citation omitted).

Assessing plaintiff Langley's conduct in pursuing this litigation against those standards, as it did previously, the court finds that "the claim [was] brought primarily for the purpose of harassing defendant Van Wagner." See Doc. 244 at 17.  The court continues to be "concerned about [plaintiff's] apparent pattern of filing claims against the players in the Carioca Litigation which

1  appear calculated to revive a claim long resolved by a jury, and
2  affirmed by the Court of Appeals of Arizona."  Id.  Nor can the
3  court ignore the fact that on the merits of the underlying abuse of
4  process claim, it found "no *basis whatsoever* to conclude that
5  [defendant Van Wagner] took any action in regard to the Carioca
6  Litigation that abused the litigation process."  Id. at 15
7  (emphasis added).  These reasons persuade the court that plaintiff
8  Langley acted in bad faith warranting sanctions against him in the
9  form of payment of defendant Van Wagner's attorney's fees.

10       By the same token, however, as the court is fully cognizant of
11  the "restraint and discretion" with which it must exercise in
12  invoking its inherent powers to award sanctions, Chambers v. NASCO,
13  Inc., 501 U.S. 32, 44, 111 S.Ct. 2123 (1991), the court DENIES
14  defendant Van Wagner's motion for attorney's fees.  Such an award
15  is not proper because the record as presently constituted does not
16  allow the court to make a finding of reasonableness in terms of the
17  amount which Van Wagner is seeking.  Cf. United States v. Blodgett,
18  709 F.2d 608, 611 (9th Cir. 1983) (citation omitted) ("[C]ases that
19  have considered the district court's inherent power to sanction
20  attorneys for litigating in bad faith have related such sanctions
21  to the amount of fees incurred by the opposing party[.]")

22       Finally, there is no basis for plaintiff's suggestion that
23  defendants should be sanctioned.  Moreover, that argument is beyond
24  the scope of this court's February 23, 2007, Order and the Ninth
25  Circuit mandate which formed the basis for that Order.  The issue,
26  as framed by the Ninth Circuit and reiterated in this court's
27  subsequent order, was the propriety of an attorneys' fee award
28  against plaintiff.  The issue was *not* whether defendants should be

1  sanctioned.

2  ACCORDINGLY, it is ORDERED that defendant Albert E. Van
3  Wagner, Jr.'s motion for attorney's fees (doc. 274) is DENIED; and

4  It is further ORDERED that the letter request for recusal
5  and/or disqualification by plaintiff Virgil H. Langley (doc. 275)
6  is construed as a motion, and is DENIED; and

7  FINALLY, it is ORDERED that plaintiff Virgil H. Langley's for
8  sanctions against defendants (doc. 276) is DENIED.
9  IT IS ORDERED.

10  DATED this 18th day of April, 2007.

_____
Robert C. Broomfield
Senior United States District Judge

16  Copies to counsel of record